UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

UNITED STATES LIABILITY INSURANCE
COMPANY, a foreign company,

    Plaintiff,

v.

KELLEY VENTURES, LLC, a Florida
corporation, KEVIN P. KELLEY, a Florida
resident, and PHOENIX MOTORS, INC., a
foreign company,

    Defendants.

CASE NO.

**COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION**

Plaintiff UNITED STATES LIABILITY INSURANCE COMPANY ("Plaintiff" or "USLI"), through its undersigned counsel, sues Defendants KELLEY VENTURES, LLC, KEVIN P. KELLEY, and PHOENIX MOTORS, INC., for rescission and declaratory relief and states:

**JURISDICTION AND VENUE**

1.    This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

2.    This Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) based upon the diversity of the citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under certain policies of insurance.

3.    The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000.00, exclusive of interest, costs, and attorneys' fees.

CASE NO.

- 2 -

4. The Policy at issue, which will be detailed and discussed below, has a Per Claim and Aggregate limit of $1,000,000.00. As this action seeks rescission of the entire Policy, the appropriate measure of the amount in controversy is the face value of the Policy. *See Evanston Ins. Co. v. Sun West Acquisition Corp.*, No. 8:13–cv–2893–T–33TGW, 2014 WL 988764 (M.D. Fla. Mar. 13, 2014).

5. The underlying claim in this case is currently pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. The Complaint seeks, among other relief, the distribution of cash proceeds from Defendant Kelley Ventures, LLC, in an amount which exceeds $175,000.00.

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Section 1391(a) and 1391(c), because the present claim for declaratory relief arose in this district. Additionally, the underlying claim for damages which gives rise to this coverage dispute is currently pending in a court located within this district.

7. All conditions precedent to the filing of this action have occurred or have been complied with.

**PARTIES**

8. At all times material to this action, Plaintiff USLI was a Pennsylvania corporation with its principal place of business in Wayne, Pennsylvania. Plaintiff USLI is and was a citizen of Pennsylvania.

9. Upon information and belief, at all times material to this action, Defendant KELLEY VENTURES, LLC ("Kelley Ventures"), was a Florida limited liability corporation with its principal address in Hallandale, Florida. Defendant Kelley Ventures is and was a citizen of Florida.

- 2 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

10. Upon information and belief, at all times material to this action, Defendant KEVIN P. KELLEY ("Kelley") was a Florida resident. Defendant Kelley is and was a citizen of Florida.

11. Upon information and belief, at all times material to this action, Defendant PHOENIX MOTORS, INC. ("Phoenix"), was a foreign corporation with its principal place of business in Hallandale, Florida. Defendant Phoenix is and was a citizen of Florida.

## FACTUAL ALLEGATIONS

12. On or about November 2, 2012, Kelley Ventures was formed as a limited liability company pursuant to an agreement between Kelley Automotive, Inc. ("Kelley Auto") and Phoenix. This agreement is attached hereto as *Exhibit "A".*

13. Pursuant to the agreement, Kelley Ventures would be managed by Kelley, Phoenix's president, and would take over the business formerly run by Kelley Auto. *See Exhibit "A"*.

14. Under the agreement, both Kelley Auto and Phoenix were equal partners entitled to equal distributions of the LLC's profit. *See Exhibit "A"*.

15. On or about October 1, 2013, Kelley notified Gail Kelley, principal of Kelley Auto, that Kelley Auto was not entitled to a cash distribution until an accounts receivable of $216,641.48 attributable to Kelley Auto's prior debt was wholly satisfied. Phoenix was already receiving cash distributions.

16. On or about October 17, 2013, Kelley Auto objected to the accounts receivable proposed by Kelley and demanded its share of the distributions in cash. *See Exhibit "B"*.

- 3 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

17. Despite additional correspondence between Kelley Auto and Kelley Ventures throughout October and November 2013, the parties were unable to resolve their dispute over the allegedly fraudulent account receivable.

18. On or about March 5, 2014, Kelley Auto reiterated its demand that the distributions be provided to Kelley Auto in cash and advised that it would file suit based on an enclosed draft Complaint.

19. On or about July 10, 2014, Kelley provided Kelley Auto with a copy of the compiled financial report for the prior fiscal year, which again included the account receivable. Kelley also requested that Kelley Auto execute a promissory note equal to the amount allegedly owed by Kelley Auto to Kelley Ventures.

20. Kelley Auto, through its counsel, contacted the accountant for Kelley Ventures and advised that it believed various sections of the report were false, misleading, and not in compliance with Generally Accepted Accounting Principles. Kelley Venture's accountant withdrew the report on the basis of the information provided by Kelley Auto.

21. On or about September 22, 2014, Kelley Ventures provided a new report to Kelley Auto. This new report indicated that the accountants did not review all information necessary to provide a report in compliance with GAAP. *See **Exhibit "C"***.

22. On or about December 23, 2013, Kelley completed a Corporate Directors and Officers Liability Application (the "Application"), which is attached hereto as ***Exhibit "D."***

23. The Application asked in question 17: "Is any entity or person proposed for this insurance aware of any fact, circumstance or situation which may result in a claim against the Applicant or any of its Directors, Officers or Employees?" Kelley responded "no" to this question. *See **Exhibit "D,"*** p. 2.

- 4 -

24. At the time of the Application, Kelley was aware that Kelley Auto had demanded its distributions in cash and threatened to file suit if same were not received. Kelley did not disclose this fact or circumstance on its application.

25. The application contained an Applicant's Warranty Statement, which provided, in pertinent part:

> The undersigned represents that to the best of his/her knowledge and belief the particulars and statements set forth herein are true and agree that those particulars and statements are material to the acceptance of the risk assumed by the Company. The undersigned further declares that any claim, incident or event taking place prior to the effective date of the insurance applied for which may render inaccurate, untrue or incomplete any statement made will immediately be reported in writing to the Company and the Company may withdraw or modify any outstanding quotations and/or authorization or agreement to bind the insurance. […] It is understood the Company is relying on this Application in the event the Policy is issued. It is agreed that the Application, including any material submitted therewith, shall be the basis of the contract should a policy be issued and it will be attached and become a part of the Policy.

*See* **Exhibit "D,"** p. 4.

26. In reliance on the statements made in the Application, Plaintiff USLI issued a directors and officers liability policy to Kelley Ventures, policy number CD 1550529, with effective dates of January 15, 2014 through January 15, 2015 (the "Policy"). A copy of the Policy is attached heretofore as **Exhibit "E"** and is fully incorporated herein.

27. The Policy has Limits of $1,000,000.00 per Claim and in the Aggregate. *See* **Exhibit "E."**

28. The Insuring Agreement portion of the Policy provides, in pertinent part:

> I. INSURING AGREEMENT
>
> A. The **Company** will pay on behalf of the **Insured Loss** in excess of the Retention not exceeding the Limit of Liability for which this

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

coverage applies that the **Insured** shall become legally obligated to pay because of **Claims** first made against the **Insured** during the **Policy Period,** or during the Extension Period, if applicable, for **Wrongful Acts** arising solely out of an **Insured's** duties on behalf of the **Organization**..

B. The **Company** has the right and duty to defend any **Claim** to which this insurance applies, even if the allegations of the **Claim** are groundless, false or fraudulent. The **Company** may investigate any **Claim** and settle any **Claim** with the **Insured's** consent as the **Company** deems expedient, but the **Company** is not obligated to pay any **Loss** or defend any **Claim** after the Limit of Liability has been exhausted by payments of **Loss**.

29. The Full Prior Acts Coverage Provision section of the Policy provides:

II. FULL PRIOR ACTS COVERAGE PROVISION

Coverage shall apply to any **Claim** first made against the **Insured** for **Wrongful Acts** arising solely out of the **Insured's** duties on behalf of the **Organization** committed prior to the expiration date of this Policy, provided that the **Claim** is first made during the **Policy Period**, or the Extension Period if applicable, and written notice of said **Claim** is reported to the **Company** as soon as practicable. There shall be no coverage for any **Claim** reported to the **Company** later than 60 days after the end of the **Policy Period** or after the expiration of Extension Period, if applicable.

However, coverage shall not apply to any **Claim** based upon or arising out of any **Wrongful Act** or circumstance likely to give rise to a **Claim** of which the person or persons signing the **Application** had knowledge, or otherwise had a reasonable basis to anticipate might result in a **Claim**, prior to the earlier of:

A. the inception date of this Policy; or

B. the inception date of the first coverage of this type the **Company** has issued to the **Parent Organization**, provided that the **Company** has written continuous coverage for the **Parent Organization** from such date to the inception date of this Policy.

30. The Policy contains the following pertinent definitions:

III. DEFINITIONS

A. "**Application**" means:

- 6 -

CASE NO.

(1) the Application for this Policy, a copy of which is attached hereto; and

(2) the Application(s), including any material submitted therewith, for all previous policies issued by the **Company** providing continuous coverage until the inception date of this Policy together with any material submitted with the Application for this Policy, all of which shall be retained on file and deemed a part of this Policy as if physically attached hereto.

B. "**Claim**" means:

(1) a written demand for monetary damages; or

(2) a civil proceeding commenced by service of a complaint or similar pleading;

(3) return of an indictment;

(4) a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document; or

(5) an arbitration proceeding seeking monetary damages.

against any **Insured** for a **Wrongful Act**, including any appeal therefrom.

A **Claim** shall be considered first made when the **Insured** or its legal representative or agent first receives notice of the **Claim**.

C. "**Company**" means the insurer identified in the Policy Declarations.

D. "**Defense Costs**" means reasonable and necessary fees and expenses incurred by the **Company**, or by any attorney designated by the **Company** to defend the **Insureds**, resulting from the investigation, adjustment, defense and appeal of a **Claim**. **Defense Costs** includes fees, costs, costs of attachment or similar bonds (but without any obligation on the part of the **Company** to apply for or furnish such bonds,) but does not include salaries, wages, overhead or benefits expenses of any Insured.

E. "**Employee**" means any person whose labor or service is engaged by and directed by the **Organization** and includes leased, part-time, seasonal and temporary employees, and volunteers. An

- 7 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

**Employee's** status as an **Insured** will be determined as of the date of the **Wrongful Act** that results in a **Claim**.

F. "**Individual Insureds**" means:

(1) any persons who were, now are or shall be duly elected or appointed Directors, Officers, Managing Members or **Employees** of the **Organization**;

(2) any person serving the **Organization** outside of the United States in a position equivalent to that of Director, Officer, Managing Member or **Employee** inside the United States; and

(3) the estates, heirs, legal representatives or assigns of an **Individual Insured** in the event of that individual's death, incapacity or bankruptcy.

G. "**Insured(s)**" means the **Organization** and the **Individual Insureds**.

H. "**Loss**" means **Defense Costs**, damages and settlements, but does not include fines, penalties imposed by law, sanctions, taxes, the multiplied portion of any multiple damage award, and matters deemed uninsurable under the law pursuant to which this Policy shall be construed.

This definition does not exclude punitive damages unless such damages are uninsurable under applicable law.

J. "**Organization**" means:

(1) the **Parent Organization**;

(2) any **Subsidiary** of the **Parent Organization**.

\*\*\*\*\*\*

L. "**Parent Organization**" means the entity named in Item 1 of the Declarations.

M. "**Policy Period**" means the period from the effective date of this Policy to the Policy expiration date set forth in the Declarations, or its earlier cancellation or termination date, if any.

\*\*\*\*\*\*

- 8 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

O. **"Wrongful Act"** means any actual or alleged act, error, omission, misstatement, misleading statement, neglect or breach of duties:

(1) by the **Organization** or by the **Individual Insureds** arising solely from their capacity with the **Organization**; or

(2) asserted against the **Individual Insureds** because of their status as such.

It is further agreed that the same **Wrongful Act**, an interrelated series of **Wrongful Acts** or a series of similar or related **Wrongful Acts** by one or more **Insureds** shall be deemed to be one **Wrongful Act** and to have commenced at the time of the earliest **Wrongful Act**.

31. The Exclusions Section of the Policy provides, in pertinent part:

IV. EXCLUSIONS

The **Company** shall not be liable to make payment for **Loss** or **Defense Costs** in connection with any **Claim** made against the **Insured** arising out of, directly or indirectly resulting from or in consequence of, or in any way involving:

******

B. brought about or contributed to in fact by any dishonest, fraudulent or criminal **Wrongful Act** or by any **Wrongful Act** committed with intent to cause damage;

C. any of the **Insureds** gaining in fact any profit, benefit, remuneration or advantage to which such **Insured** was not legally entitled;

******

F. that portion of any **Claim**, demand or action seeking relief or redress in any form other than money damages, provided that this exclusion shall not apply to **Defense Costs** for such a **Claim**;

******

K. any actual or alleged breach of contract; provided that this exclusion shall not apply to that portion of a **Claim** made against any **Individual Insured**;

- 9 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

L. any pending or prior litigation, administrative or regulatory proceeding, claim, demand, arbitration, decree or judgment of which an **Insured** had written notice before the inception date of this Policy; or any fact, circumstance, event, situation, or **Wrongful Act** which before the inception date of this Policy was the subject of any notice under any other similar policy of insurance; or any future **Claims** or litigation based upon the pending or prior litigation or derived from the same or essentially the same facts, actual or alleged;

provided that, if this Policy is a renewal of a policy or policies previously issued by the **Company** and if the coverage provided by the **Company** was continuous from the inception date of the first such other policy to the inception date of this Policy, the reference in this exclusion will mean the inception date of the first Policy under which the **Company** began to provide continuous coverage to the **Insured**;

******

No **Wrongful Act** of any **Individual Insured** nor any fact pertaining to any **Insured** shall be imputed to any other **Individual Insured** for purposes of determining the applicability of Exclusions B and C.

32. The Percentage Shareholder Exclusion Endorsement provides:

**PERCENTAGE SHAREHOLDER EXCLUSION ENDORSEMENT**

The **Company** shall not be liable to make payment for **Loss** in connection with any **Claim** made against any **Insured** that is brought, maintained or asserted by or on behalf of any person or entity which owns or did own directly or beneficially more than 10% of the **Organization's** voting securities.

33. On or about October 9, 2014, Kelley Auto filed a complaint against Kelley Ventures, Kelley, and Phoenix in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

34. On or about October 17, 2014, USLI was first placed on notice that a demand had been made against Kelley Ventures and Kelley.

35. On or about November 26, 2014, USLI sent notice to Defendants reserving its rights to deny coverage for the claims asserted in the Underlying Action.

## COUNT I – DECLARATORY RELIEF

36. Plaintiff USLI hereby incorporates by reference and restates paragraphs 1-35 as if fully stated herein.

37. It is the position of USLI that the damages alleged in the Underlying Action are not covered under the Policy because of the Full Prior Acts Coverage Provision.

38. It is the position of USLI that, should judgment be rendered against the insured based on the allegations in the Complaint, the damages alleged in the Underlying Action are not covered under the Policy because of the Exclusion in Section IV.B relating to dishonest, criminal, or fraudulent acts.

39. It is the position of USLI that, should judgment be rendered against the insured based on the allegations in the Complaint, the damages alleged in the Underlying Action are not covered under the Policy because of the Exclusion in Section IV.C relating to any insured receiving any profit, benefit, remuneration or advantage.

40. It is the position of USLI that the damages alleged in the Underlying Action are not covered under the Policy because of the Percentage Shareholder Exclusion Endorsement.

41. Upon information and belief, the Defendants were aware of the facts and circumstances leading to this claim at the time of the Application.

42. Failure to disclose on the Application the facts and circumstances leading to this claim constitutes a material misrepresentation.

- 11 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

43. It is the position of USLI that the Policy does not provide coverage for the Underlying Action due to the material misrepresentations on the Application.

44. It is the position of Defendants that the Policy provides coverage for the Underlying Action.

45. An actual, present and justiciable controversy exists between Plaintiff USLI and Defendants warranting the entry of declaratory judgment by this Court that the Policy does not provide coverage for the Underlying Action.

WHEREFORE, Plaintiff USLI requests this Court to enter judgment in its favor, declaring that the Policy does not provide coverage for the claims arising from the Underlying Action and that USLI has no duty to defend and/or indemnify Defendants with respect to said loss.  Plaintiff USLI further requests judgment for all costs and such other relief as the Court may deem just and appropriate under the circumstances

### COUNT II – RESCISSION

46. Plaintiff USLI hereby incorporates by reference and restates paragraphs 1-35 as if fully stated herein.

47. At the time of the Application, Kelley had received a demand letter from counsel for Kelley Auto.

48. At the time of the Application, Kelley was aware that the dispute between Defendants and Kelley Auto was unresolved and likely to result in a lawsuit.

49. Failing to disclose on the Application that a demand had been made against Kelley Ventures constitutes a material misrepresentation.

50. Since the misrepresentations on the Application were material, the Policy is void *ab initio*.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.
- 13 -

51. Pursuant to the provisions of Florida Statute § 627.409, and the Application, Plaintiff USLI is entitled to a rescission of the Policy.

WHEREFORE, Plaintiff USLI requests this Court rescind the Policy, and award such other and further relief as the Court deems appropriate, including judgment for all costs.

Respectfully submitted,

/s/ Rory Eric Jurman
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Scott M. Migliori
Fla. Bar No. 99052
Email: smigliori@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:    (954) 377-8101

4826-0919-5552, v.  1